UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDIREL H. SUSANNA ) <br> 6232 Boudins Lane ) <br> Fort Mill, SC 29715 ) <br>     Plaintiff, ) <br>     v. ) <br> EMILIO GONZÁLEZ, ) <br> Director, U.S. Citizenship & ) <br> Immigration Services, in his ) <br> official capacity, as well as his ) <br> successors and assigns, ) <br> 20 Massachuseetts Ave., N.W. ) <br> Washington, DC 20529 ) <br>     and ) <br> ROBERT S. MUELLER, III, Director, ) <br> Federal Bureau of Investigation, ) <br> in his official capacity, ) <br> as well as his successors and assigns, ) <br> J. Edgar Hoover Building ) <br> 935 Pennsylvania Avenue, N.W. ) <br> Washington, DC 20535-0001 ) <br>     and ) <br> EVELYN UPCHURCH, Director ) <br> Texas Service Center, ) <br> U.S. Citizenship & Immigration ) <br> Services, in her official capacity, ) <br> as well as her successors and assigns, ) <br> 4141 St. Augustine Road ) <br> Dallas, TX 75227 ) <br>     Defendants. ) <br> _____) | COMPLAINT UNDER <br> 5 U.S.C. §706(1) FOR <br> JUDICIAL REVIEW AND <br> FOR MANDAMUS UNDER <br> 28 U.S.C. §1361 |

## I. INTRODUCTION

1. This is a civil action brought to compel Defendants and those acting under them to adjudicate Plaintiff's Applications to Register Permanent Residence or Adjust Status (Form I-485) and to complete the long pending security checks associated with this adjudication. Plaintiff's application for permanent residence was filed on July 16,

2003 and has remained pending since that date. Defendants have failed to undertake their mandatory duty to complete the security checks and render a decision on this application for adjustment of status to permanent residence after an unreasonable delay. Plaintiff seeks to compel Defendants to complete the security checks and adjudicate Plaintiff's application for permanent residence pursuant to the Administrative Procedures Act (APA) because Defendants have "unlawfully withheld or unreasonably delayed" the completion of the security clearances and the adjudication of the adjustment applications per 5 U.S.C. §706(1). Alternatively, the plaintiff seeks a writ of mandamus from this Honorable Court compelling Defendants to complete the security checks and to adjudicate Plaintiff's application for permanent residence per 28 U.S.C. §1361.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1361. This action is filed in response to unreasonable agency delay and failure to act on Plaintiff's adjustment of status applications in violation of the APA, 5 U.S.C.A. §706(1), as well as the failure to perform their mandatory duty to adjudicate these applications. Venue is properly with this Court because Defendants Gonzalez and Mueller, in their official capacities, are residents of Washington, DC. Furthermore, a substantial portion of the events and/or omissions giving rise to the claim occurred within this judicial district. Therefore, venue is proper under 28 U.S.C. §1391(e)(1)&(2).

3. Plaintiff, Edirel Susanna, is an adult individual who resides at 6232 Boudins Lane, Fort Mill, SC 29715. He is in the U.S. lawfully pursuant to the previous grant of nonimmigrant status and the pending application for adjustment of status to permanent residence.

4. Plaintiff, Edirel Susanna is a native and citizen of The Netherlands and resides in the U.S. lawfully.

5. Emilio Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS) who is also sued only his official capacity, as well as his successors and assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the adjudication of immigrant visa petitions as well as applications for permanent residence status under §245 of the Immigration and Nationality Act (INA).

6. Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation, who is also sued only his official capacity, as well as his successors and assigns, whose duties include ensuring timely completion of all requests made by the USCIS for security clearances. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

7. Evelyn Upchurch is the District Director of the Texas Service Center of the U.S. Citizenship and Immigration Service (USCIS) who is sued only her official capacity, as well as her successors and assigns. Plaintiff's application for adjustment of status was originally filed at the USCIS Vermont Service Center and was transferred from that office to the Texas Service Center on approximately March 2, 2007. The Texas Service Center retains jurisdiction over the applications. The USCIS, through the Texas Service Center, has a mandatory duty to act on these applications for adjustment of status within a reasonable period of time.

## III. BACKGROUND

8. Plaintiff, Edirel Susanna is eligible for adjustment of status to permanent residence under the employment based third category, §203(b)(3) of the INA, as he is the beneficiary of an approved Immigrant Petition for Alien Worker filed on his behalf by The Vanguard Group. He meets all of the requirements for adjustment of status to lawful permanent residence under Section 245 of the Immigration and Nationality Act ("INA"), in that an immigrant petition has been approved for him, his date in the waiting line of May 18, 2001 is current according to the most recent Visa Bulletin issued by the U.S. Department of State and he is admissible to the U.S.

9. On July 16, 2003, Plaintiff filed an Application for Adjustment of Status to obtain lawful permanent residence status as required by statute and regulation. The filing constitutes a proper application for permanent residence which was initially filed with the Vermont Service Center and transferred in March, 2007 to the Texas Service Center where it is now the duty of the Texas Service Center to adjudicate the application in a timely manner.

10. Plaintiff has complied with all requests made by the USCIS to have his fingerprints and biometrics captured. He has provided all of the information requested by the agency and has complied with all appointment notices.

11. Plaintiff has made inquiries with Defendants in order to ascertain the status of his long pending application for permanent residence and to determine if there is anything that can be done to assist Defendants in completing processing on his application. The Defendants' responses to Plaintiff have stated that the only reason why he is not yet a permanent resident is because of the failure to complete the required security checks.

12. The Plaintiff has been unable to resolve the application through administrative channels and therefore, relief by way of mandamus and/or under the APA is the only viable means of obtaining the completion of security checks and the adjudication of Plaintiff's application for adjustment of status.

13. It is the stated goal of the USCIS to complete all adjudications within six months. According to USCIS' standard processing times of October 15, 2007, the Texas Service Center is now routinely adjudicating employment based Applications to Register Permanent Residence or Adjust Status (Form I-485) that were filed in August, 2006. See Exhibit 1 (Processing Times posted on USCIS Website).

14. The Plaintiff's I-485 application has been pending for more than three years longer than the stated processing times during which he has been for the vast majority of time eligible to have his adjustment of status approved but for the security checks.

## IV. STATUTORY AND REGULATORY FRAMEWORK

15. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

16. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361.

## V. CLAIM FOR RELIEF

18. Defendants have unreasonably delayed and failed to perform a mandatory action in completing security clearances and adjudicating Plaintiff's application for adjustment of status filed more than three years ago, thereby depriving Plaintiff of the benefits of U.S. permanent residence.

19. Defendants' are duty bound to complete the security checks and adjudicate Plaintiff's applications for adjustment of status to permanent residence and have unreasonably failed to perform these duties.

20. Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendants and those acting under them to perform their duties to complete the security clearances and adjudicate Plaintiff's application for adjustment of status to permanent residence;

(2) Grant such other and further relief as this Court deems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,

_____
Thomas A. Elliot, Esquire
Elliot & Mayock, LLP
1666 Connecticut Avenue, NW
5th Floor
Washington, DC 20009
202-429-1725
D.C. Bar # 259713

_____
Lawrence H. Rudnick, Esq.
Steel, Rudnick and Ruben
Attorney for Plaintiff
1608 Walnut Street, Suite 1500
Philadelphia, PA 19103
(215) 546-4333
PA Bar # 21642

Dated:   November 26, 2007

# EXHIBIT 1



Home   Contact Us   Site Map   FAQ

Search   

Advanced Search

Services & Benefits | Immigration Forms | Laws & Regulations | About USCIS | Education & Resource | Press Room

Print This Page    Back

# U.S. Citizenship and Immigration Services
# Texas Service Center Processing Dates
# Posted October 15, 2007

**Notice**: U.S. Citizenship and Immigration Services (USCIS) has improved the reporting procedure for processing times of immigration benefit applications. In the past, USCIS benefit processing reports indicated the specific type of applications or petitions that were being processed and the date the cases were received. However, the date the case was received did not provide a clear indication of when USCIS expected to complete the case, nor did it provide a clear indication of USCIS' commitment to process cases within a certain cycle time. It also did not align with the processing times and cycle times the agency reports in other contexts.

This improved reporting procedure is an effort to give our customers more accurate information that better reflects current processing time and USCIS service level commitments. Effective immediately, when we are completing applications and petitions within our service level goals we will report the USCIS service level commitment. For example, when our service level goal is to process a particular kind of case within six months, and if our processing time is six months or less, we will show "6 months".

When we are not meeting our service level goal, the date posted will reflect the filing date of cases that are being completed. It should be noted that while in some instances reported processing dates may appear to have regressed due to this change, they do not reflect a lengthening of USCIS processing times, but simply the change in reporting. Our goal is to provide accurate projections and thus give customers clear expectations as to what they can expect as a processing time.

**There are several important exceptions to the processing times shown below:**

- Case processing will be delayed if we must ask you for more evidence or information.
  If we ask for missing required initial evidence, count the processing time from when we receive that missing evidence.
- The case processing timeframe will start over if a customer doesn't appear for an interview or asks that it be rescheduled.

**What if I have a problem or have questions about a case?**

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our fact sheet –

Case Services - How do I… know what kind of services are available to me after I file my application or petition?

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **Texas Service Center** Posted October 15, 2007

| Form | Title | Classification or Basis for Filing | Processing Timeframe |
|---|---|---|---|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | 6 Months |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | 3 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | 15 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | E - Treaty traders and investors | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | 2 Months |
| I-131 | Application for Travel Document | All other applicants for advance parole | 3 Months |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | 6 Months |

| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | 6 Months |
|---|---|---|---|
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | October 09, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | August 25, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | August 01, 2004 |
| I-526 | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | 6 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | June 11, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | June 11, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | June 11, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | June 11, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | June 11, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | June 11, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | June 11, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | June 11, 2007 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | January 27, 2007 |
| I-730 | Refugee/Asylee Relative Petition | Petition for accompanying family members of a refugee or an asylee | January 22, 2007 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | April 03, 2007 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | 30 Days |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | 11 Weeks |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | 11 Weeks |

| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | 6 Months |
|---|---|---|---|
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | 6 Months |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) | 6 Months |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) based on PL107-273 | 6 Months |

[Print This Page]    [Back]

Home    Contact Us    Privacy Policy    Website Policies    NoFEAR    Freedom Of Information Act    FirstGov

U.S. Department of Homeland Security

07-2137
JDB

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
SUSANNA, Edirel H.

88888

### DEFENDANTS
U.S. Citizenship & Immigration Service, Gonzalez, Emilio, Director
Federal Bureau of Investigation, Mueller, Robert S., Director
Texas Service Center, U.S. Citizenship & Immigration Service, Upchurch, Evelyn, Director

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___York___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas A. Elliot, Esquire
Elliot & Mayock, LLP
1666 Connecticut Avenue, NW
5th Floor
Washington, DC 20009
202-429-1725

Case: 1:07-cv-02137
Assigned To : Bates, John D.
Assign. Date : 11/27/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust
☐ 410 Antitrust

○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● C. Administrative Agency Review
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

LOT USAG

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. Section 706(1) and 28 U.S.C. Section 1361 — WRIT OF MANDAMUS

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 11/27/2007    SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.